IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK FREDERICK HARIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv147-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.   BACKGROUND**

On September 11, 2008, the petitioner, Mark Frederick Harigan ("Harigan"), appeared before this court and pled guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B). At the February 19, 2009, sentencing hearing, the government voluntarily dismissed the possession-of-child-pornography count. On the remaining count, receipt and distribution of child pornography, the district court sentenced Harigan to 109 months in prison and to life on supervised release. No appeal was filed.

Harigan filed this 28 U.S.C. § 2255 motion on or around February 15, 2010.[1] In it,

---

[1] Harigan initially filed a pleading in his criminal case requesting that this court appoint counsel to represent him in a § 2255 proceeding by which he sought to bring claims of ineffective
(continued...)

he asserts the following claims:

    1.    His trial counsel, Donnie W. Bethel, rendered ineffective assistance by failing to advise and consult with him regarding his right to appeal.

    2.    Mr. Bethel rendered ineffective assistance of counsel by failing to object to the use of the term "distribution" in connection with the offense conduct.

    3.    Mr. Bethel rendered ineffective assistance of counsel by failing to present an entrapment defense.

    4.    The sentence of 109 months in prison and life on supervised release was unduly harsh for a first-time offender.

*See* Doc. Nos. 2-4.

This court ascertained the need for an evidentiary hearing with specific concern for Harigan's claim that Mr. Bethel failed to advise and consult with him regarding his right to appeal. (Doc. No. 18.) Accordingly, this court appointed Attorney David R. Clark to represent Harigan at an evidentiary hearing with regard to this issue. (*Id*.) However, after discussing the issue with Harigan, Mr. Clark represented to this court that Harigan's anticipated testimony would not support the claim for which the evidentiary hearing was set and that Harigan could not meet his burden of proof with respect to this claim. (Doc. No. 23

---

[1](...continued)
assistance of trial counsel, including a claim that his lawyer had failed to advise him of his right to appeal. (Doc. No. 2 at 1-2.) Concluding that the pleading was a motion for relief pursuant to 28 U.S.C. § 2255, this court directed the clerk of the court to docket the pleading in a new civil action under 28 U.S.C. § 2255, denied the motion to appoint counsel, and allowed Harigan to file an amended § 2255 motion using the appropriate forms for filing a § 2255 motion. (Doc. No. 1.) Harigan's amended motion and supporting brief were filed on March 15, 2010. (Doc. Nos. 3 & 4.)

at 2-3; Doc. No. 24; Doc. No. 29.)  In light of Mr. Clark's representations, this court finds that Harigan has abandoned his claim that Mr. Bethel rendered ineffective assistance of counsel by failing to advise and consult with him regarding his right to appeal.[2]

The government argues that Harigan's remaining claims lack merit and do not warrant collateral relief.  After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, this court concludes that Harigan's § 2255 motion should be denied.

## II.  DISCUSSION

### A.  *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v.*

---

[2]On March 28, 2012, this court entered an order cancelling all evidentiary proceedings in this case. (Doc. No. 29.)  In that same order, this court denied Harigan's motion (filed by Mr. Clark) for leave to amend the § 2255 motion to add a claim that Mr. Bethel rendered ineffective assistance of counsel by failing to advise Harigan of his Sixth Amendment right to confront witnesses against him. (*See id*. at 2 & Doc. No. 23.)  The court's review of the plea colloquy transcript revealed that the court explained to Harigan his right to see and hear all witnesses and have them cross-examined. (Doc. No. 28-1 at 8.)  At a conference held on March 28, 2012, Mr. Clark stipulated that, in light of this part of the plea colloquy, Harigan could not succeed on the prejudice prong of his claim that Mr. Bethel was ineffective for failing to advise him of his right to confront witnesses. (*See* Doc. No. 29 at 1-2 & Doc. No. 30.)

3

*Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B.  *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

5

"Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. Use of Term "Distribution" in Connection with Offense Conduct

Harigan contends that his trial counsel, Donnie W. Bethel, rendered ineffective assistance by failing to object to the use of the term "distribution" to describe his offense conduct, which resulted, he says, in the court's application of a sentencing guideline enhancement for distribution. (Doc. No. 3 at 4; Doc. No. 4 at 3-5.) Harigan maintains that the distribution enhancement was improperly applied to conduct that consisted of his returning illicit images, via the internet, to the party who had originally sent the illicit images to him. (*Id*.)

The Probation Office originally found that Harigan's conduct amounted to distribution in exchange for a thing of value, subjecting him to a five-level distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(B).[3] (*See* Doc. No. 12-3 at 1.) However, Mr. Bethel

---

[3] Subdivision (B) of U.S.S.G. § 2G2.2(b)(3) provides that a defendant's offense level should be increased by five levels if his offense involved "[d]istribution [of illicit material] for the receipt, (continued...)

6

persuaded the Probation Office – as well as the government and the district court – that Harigan's conduct instead amounted to generic distribution, subject only to a two-level enhancement under § 2G2.2(b)(3)(F).[4]  (*See* Doc. No. 12-3 at 1.)  As stated by Mr. Bethel in his affidavit addressing Harigan's allegations of ineffective assistance of counsel:

> In the Presentence Investigation Report (PSR) the probation officer added a five-level enhancement based on her contention that Petitioner traded child pornography and thereby distributed child pornography in exchange for a thing of value.  I objected to this enhancement because the only evidence that Petitioner distributed child pornography was that he returned pictures to someone who had first sent the pictures to him.  The court sustained this objection, but concluded that Petitioner's actions constituted a generic distribution, which required a two-level enhancement.  I conceded that issue and Petitioner received the two-level enhancement.

(Doc. No. 9 at 2.)

The transcript of the sentencing hearing reflects that Mr. Bethel made the following remarks to the court concerning this issue:

> And, Your Honor, that's the reason I posed the other objection.  Technically, in reading the definition of "distribution," I believe that what Mr. Harigan did qualifies.  But [like] the Court, I am troubled by the fact that the distribution in this case, which is as the Court has described, simply sending back something to someone, something that is sent to them, while it technically meets the definition of "distribution," that is a substantial increase in his guideline range for what in the common sense everyday laymen's use of the term "distribution" would not be considered distribution.

---

[3](...continued)
or expectation of receipt, of a thing of value, but not for pecuniary gain."  *See* U.S.SG. § 2G2.2(b)(3)(B).

[4]Subdivision (F) of U.S.S.G. § 2G2.2(b)(3) provides for a two-level increase in a defendant's offense level for"[d]istribution [of illicit material] other than the distribution described in subdivisions (A) through (E)" of § 2G2.2((b) 3).  *See* U.S.SG. § 2G2.2(b)(3)(F).

> The average person on the street would not think of what Mr. Harigan did as a distribution. While it meets the technical definition that is set forth in the application note, that is not, as the Court has pointed out, what is normally thought of as distribution; and, hence, that is what has resulted in an increase in his guideline range from ninety-seven months on the low end to a hundred and fifty-one months on the low end. There is no dispute about that.

(Doc. No. 12-3 at 3.)

Insofar as Mr. Bethel conceded the applicability of § 2G2.2(b)(3)(F)'s generic-distribution enhancement to Harigan's offense conduct, Mr. Bethel's concession does not constitute deficient performance. It is undisputed that Harigan returned illicit images to another party, sending them via the internet to the original sender. Application Note 1 of § 2G2.2 defines "distribution" as "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *See* U.S.S.G. § 2G2.2 comment. (n.1). "The term 'any' at the outset of the first sentence of the definition of 'distribution' in Application Note 1 'is a term of great breadth.'" *United States v. Hecht*, 470 F.3d 177, 182 (4th Cir. 2006) (citation omitted). "[T]he language of Application Note 1 ... is most easily read as intended to avoid an overly narrow reading of distribution that excluded acts ancillary to sales, such as transportation." *United States v. Lorge*, 166 F.3d 516, 518 (2nd Cir. 1999). Unquestionably, Harigan transferred illicit images when he returned illicit images to another internet user. Therefore, his offense conduct involved the distribution of illicit images, and the § 2G2.2(b)(3)(F) enhancement was correctly applied in his case. There would have been no merit in an argument that Harigan's conduct did not amount to distribution under the

language of the sentencing guidelines. Counsel cannot be ineffective for failing to raise a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

What is more, at least partly based on Mr. Bethel's arguments that Harigan's act of sending the illicit images back to their original sender, while technically constituting "distribution" under the guidelines, did not meet the "common sense everyday" definition of distribution, the district court varied downward from the advisory guideline range applicable after application of § 2G2.2(b)(3)(F)'s two-level enhancement. With application of the § 2G2.2(b)(3)(F) distribution enhancement, the advisory guideline range applicable to Harigan's offense was 151 to 188 months.[5] However, the district court ultimately granted a downward variance to 109 months, explaining that part of the variance was intended to offset the application of the distribution enhancement. The district court stated, in pertinent part:

> [A]lthough Harigan's actions meet the definition of "distribution" in application note one of guideline [§] 2G2.2, the Court notes that his action does not meet a more standard definition of the term and he does not appear to have engaged in the type of distribution that the guidelines were particularly designed to address.
>
> According to Webster's Third New International Dictionary, one who distributes is one who divides among several or many or one who deals or does so over a period of time. Harigan simply returned images to a person who had previously sent the images to him, and he did so on only one occasion, not over a period of time.

---

[5]Harigan's total offense level was 34, and his Criminal History Category was I, yielding the guideline range of 151 to 188 months.

>       The Court notes that if Harigan had not engaged in a single act of distribution, which was indeed only a return, his offense level would have dropped to thirty and he would be facing a sentence of ninety-seven to one hundred and twenty-one months.[6]

(Doc. No. 12-2 at 5.)

Thus, the district court imposed a 109-month sentence that was in the middle of the guideline range (97 to 221 months) that would have been applicable if Harigan's offense conduct had not involved distribution at all.[7] Under the circumstances, where Harigan was ultimately sentenced as if his offense did not involve any type of distribution, Harigan cannot demonstrate that he was prejudiced by Mr. Bethel's failure to insist that the term "distribution" should not be applied to his offense conduct.[8] For these reasons Harigan is not entitled to relief based on this claim of ineffective assistance of counsel.

### 2. Entrapment

Harigan contends that Mr. Bethel rendered ineffective assistance of counsel by failing

---

[6]The district court stated that a number of other factors influenced its decision to grant the downward variance. Those factors included the fact that Harigan pled guilty without the benefit of a plea agreement, the evidence that Harigan had a slightly limited mental capacity, and the likelihood that "he would not pose a threat to society if he were simply denied access to a computer." (Doc. No. 12-3 at 5.)

[7]A finding that Harigan's offense did not involve distribution would have resulted in a four-level reduction in his offense level (from 34 to 30), because § 2G2.2(b)(3)(F)'s two-level enhancement would not apply, and § 2G2.2(b)(1) provides for a two-level reduction if the defendant only solicited, or sought to receive, child pornography and did not distribute child pornography. *See, e.g., United States v. Nelson*, 442 Fed.Appx. 496, 498 (11th Cir. Oct. 5, 2011).

[8]The government objected to the variance applied by the district court and specifically disagreed with the court's findings of fact as to distribution. (Doc. No. 12-3 at 6.) However, the government did not appeal Harigan's sentence.

to present an entrapment defense.[9]  (Doc. No. 3 at 8.)  In this regard, Harigan asserts only that "law enforcement induced me to e-mail the images back to law enforcement solely to manipulate the indictment and sentence.  This is so because law enforcement initially sent the images to me."  *Id*.

Addressing this claim, Mr. Bethel states in his affidavit:  "I do not understand Petitioner's allegation.  There was no evidence that the person who sent child pornography to Petitioner and to whom Petitioner returned that child pornography was a law enforcement agent."  (Doc. No. 9 at 2.)  The PSI and transcript of the change-of-plea hearing reflect that Harigan's offense involved the purchase of child pornography (images and videos) from at least two child pornography websites and almost daily downloading and viewing of child pornography between March 2006 and April 2007.  (Doc. No. 12-6 at 5, ¶ 11 & 6, ¶¶ 16-17; Doc. No. 28-1 at 10-11.)  Harigan also admitted using AOL's instant-messaging feature to discuss child pornography over the internet with someone named "Kim," located in New Zealand, and using the internet to return to Kim images of child pornography that were sent to him by Kim in the course of their online interaction.  (*See, e.g., id*. at 6, ¶¶ 18-19; Doc. No. 4 at 3-4.)  Nowhere in the record is there evidence suggesting that "Kim" worked for law enforcement, or that any person involved with law enforcement ever sent illicit images to Harigan.

---

[9]An entrapment defense "consists of two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant to commit the crime."  *United States v. Gonzalez*, 322 Fed.Appx. 963, 970 (11th Cir. Apr. 15, 2009) (citing *United States v. Ryan*, 289 F.3d 1339, 1443 (11th Cir. 2002)).

Harigan's conclusory allegations (quoted nearly in their entirety above) are insufficient to suggest he had a viable entrapment defense. His assertion that law enforcement sent illicit images to him is wholly speculative. Consequently, he has shown neither deficient performance in this regard by Mr. Bethel nor any resulting prejudice. Therefore, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### C.   Unduly Harsh Sentence

Harigan also contends that his sentence of 109 months in prison and life on supervised release was unduly harsh for a first-time offender. (Doc. No. 3 at 7; Doc. No. 4 at 4-5.)

As noted above, the record reflects that Harigan purchased child pornography from at least two child pornography websites and that he downloaded and viewed child pornography on a near-daily basis for almost a year. Some of the images downloaded by Harigan were of children as young as six years of age. (Doc. No. 12-6 at 6, ¶ 17.) A forensic examination of his computer and computer media resulted in a finding of 393 child pornographic images and 168 child pornographic videos. (*Id*. at 6-7, ¶ 21.) There was evidence that Harigan trolled internet chat rooms posing as a 13- or 14-year-old female in order to have "cyber sex" with other internet users he believed to be under the age of 18. (*Id*. at 6, ¶ 18.) Harigan also admitted discussing child pornography over the internet with "Kim," who sent Harigan the illicit images he then returned via the internet. Thus, while Harigan may have been a "first-time offender," his conduct "was neither isolated, unintentional nor lawful." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The Eleventh Circuit "typically treats child sex offenses as serious crimes, upholding severe sentences in these cases." *Pugh*, 515 at 1202 (citing *United States v. Mauldin*, 224 Fed.Appx. 915 (11th Cir. Mar. 29, 2007) (affirming 78-month sentence and life term of supervised release for possession of child pornography); *United States v. Hodnett*, 210 Fed.Appx. 949 (11th Cir. Dec. 15. 2006) (affirming 360-month sentence and life term of supervised release for receipt, distribution, and possession of child pornography); *United States v. Thrift*, 205 Fed.Appx. 816 (11th Cir. Dec. 18, 2006) (affirming 97-month sentence and life term of supervised release for use of internet to entice a minor to engage in sexual activity)).[10]  *See also United States v. Finley*, 401 Fed.App, 482 (11th Cir. Oct. 28, 2010) (affirming 188-month sentence for transporting child pornography and transferring obscene material to a minor)

A defendant's ultimate sentence is reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a).[11]  *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).  A sentence imposed within the advisory guidelines range is presumptively

---

[10]In its answer (Doc. No. 12 at 10 n.43), the government points also to *United States v. McElroy*, 353 Fed.Appx. 191 (11th Cir. Nov. 16, 2009) (affirming 240-month sentence for two counts of receiving child pornography), and *United States v. Postma*, 275 Fed.Appx. 865 (11th Cir. Apr. 29, 2008) (affirming 210-month sentence for distributing child pornography).

[11]The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

reasonable.[12] *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). Where a sentence reflects a downward variance, a defendant's burden is even more demanding. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) ("[S]imple logic compels the conclusion that, if a sentence of [for example] 324 to 405 months would have been presumptively reasonable in length, defendant's task of persuading us that the more lenient sentence of 240 months is unreasonably long is even more demanding."); *see also United States v. Bailey*, 264 Fed.Appx. 480, 485 (6th Cir. Feb. 14, 2008) (a below-guidelines sentence is "presumed not to be unreasonably severe").

Here, the district court calculated Harigan's advisory guideline range (a calculation which Harigan does not contest), considered the arguments of the parties, and indicated that it had considered several of the § 3553(a) factors, including the nature and circumstances of

---

[12]In arguing that his sentence is unduly harsh, Harigan relies on a decision by a district court that rejected sentencing guidelines related to child-pornography offenses based on that court's policy disagreements with the guidelines, specifically because U.S.S.G. § 2G2.2 is the product of congressional direction rather than independent empirical analysis by the Sentencing Commission. *See United States v. Beiermann*, 599 F.Supp.2d 1087, 1106 (N.D. Iowa 2009). However, this court concludes it should afford a presumption of reasonableness to a sentence within the guideline range, even if the sentence is derived from a guideline that was "the product of congressional direction rather than [an] empirical approach." *See United States v. Kiderlen*, 569 F.3d 358, 369 (8th Cir. 2009). *Cf. United States v. Crittendon,* 883 F.2d 326, 330-331 (4th Cir. 1989) (court has no power to review reasonableness of congressional decision to mandate fifteen-year sentence under § 924(e)(1)).

the offense, the history and characteristics of the defendant, the need to protect the public, and the need for correctional treatment. (Doc. No. 12-3 at 4-5.) The court then varied downward by 42 months from the bottom of the applicable guideline range and imposed a sentence of 109 months, stating its reasons for granting the variance, which were based partly on the court's finding that the guidelines disadvantaged Harigan for acts that only incidentally and technically consituted "distribution." (*Id*.) The court also imposed a term of life on supervised release. (*Id*.) For persons convicted of sex offenses involving children, placement on supervised release for a term of life is permitted by the statutory penalties, *see* 18 U.S.C. § 3583(k), and is recommended by the Sentencing Commission, *see* Policy Statement for U.S.S.G. § 5D1.2(b)(2). Based on the totality of the circumstances, the court cannot say that Harigan's sentence of 109 months in prison and life on supervised release is substantively unreasonable or unduly harsh. Therefore, Harigan is not entitled to relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Harigan be denied with prejudice, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 18, 2012.** A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 4th day of April, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE